UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | | |
|---|---|---|
| BARRY A. FISHER, Receiver, | ) | |
| Plaintiff, | ) | 02:99-CV-0377-LRH (RAM) |
| vs. | ) | |
| | ) | ORDER |
| DANIEL L. STANGO, an individual; MORGAN DANIELLE CORP, a Nevada corporation, | ) | |
| Defendants. | ) | |

Presently before this court is Plaintiff Barry Fisher's ("Fisher") motion for contempt against Defendants Daniel Stango, Morgan Danielle Corp, and David Winter, or in the alternative, motion for order to show cause why Defendants should not be held in contempt (#123[1]); motion for sanctions and orders to effectuate the judgment against Daniel Stango ("Stango") and David Winter ("Winter") (# 124); and motion for order directing Princess Cruises ("Princess") and Royal Carribean Cruises ("Royal Carribean") to turn over moneys owing to Petro Bay Pirate Expeditions d/b/a Cabo Expeditions ("Cabo Expeditions") (# 125). No opposition has been filed. However, a notice of bankruptcy filing has been filed on behalf of Winter (# 128). This notice does not stay the current proceedings as the bankruptcy judge has lifted the automatic stay requirements to allow this court to rule on the pending motions (#129).

///

///

---

[1] All references to (# XX) refer to the court's docket.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arose out of a fraud prosecution against David W. Laing ("Laing") originating in the Southern District of New York. Stango was a participant in the original fraud, working to hide the proceeds earned through the insurance scheme. Fisher was appointed through the ensuing Receivership Action and charged with the responsibility of recovering the fraudulently obtained funds.

As part of Fisher's responsibilities he has attempted to recover assets transferred to Stango from Laing. This court, after a proper trial, determined that Stango had improperly attempted to hide investor funds after Laing's arrest, knowing that the funds were improperly obtained. The court determined that Fisher was entitled to recover a sum of over $1,400,000.00. As part of the court's judgement, Stango was required to account for all the funds he had received from Laing and was ordered not to transfer assets pertaining to Stango's company, Cabo Expeditions. Winter, as Stango's attorney through the trial, was included in the order not to transfer assets as he was considered one of Stango's agents. The court also ended up granting a Turnover Order brought by Fisher, requiring Stango and Winter to turn over all funds they had received from Cabo Expeditions.

Through Fisher's investigation, it has come to light that several assets may have been diverted improperly while the trial was pending and after the court entered judgment. In particular, it appears that Winter aided in effectuating a transfer of Stango's home, as well as significant stock holdings, to an office-mate and friend of Winter named Scott Sibley ("Sibley") in return for a loan of approximately $35,000. Although Stango no longer owns the home on paper, he apparently continues to live in the property as well as pay the taxes and mortgage. Stango also continues to receive a salary as the President of a company named Deliska, despite the fact that the stock he owned in that company was purportedly transferred to Sibley. Even more troubling is the fact that Winter now appears to have received over $214,000 from Cabo Expeditions since this court entered judgment, despite the fact that Winter claims Cabo Expeditions no longer exists as it did before trial.

In addition to the questionable transfer of assets that has occurred, it appears Defendants

1  have failed to comply with a portion of this court's previous order requiring Defendants to
2  provide a proper accounting of assets.  While Defendants have claimed to have provided a proper
3  accounting to Fisher, the court does not see one filed with the court as required and notes that
4  Fisher claims the alleged accounting is nothing more than a collection of loose papers.

5  Fisher has now moved the court to hold Defendants in contempt for their intentional
6  hiding of assets and their failure to comply with the court's previous order.  In addition, Fisher
7  requests this court to enter several orders designed to ensure compliance with the court's
8  previous order.  Finally, Fisher requests this court to order Princess and Royal Carribean to pay
9  all moneys due to Cabo Expeditions to Fisher instead.

## LEGAL STANDARD FOR CIVIL CONTEMPT

11  Contempt of court is often displayed through failure to obey a direct order of the court.
12  Civil contempt proceedings are designed to compel obedience to a court's order.  *Falstaff*
13  *Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (*citing Shillitani v.*
14  *United States*, 384 U.S. 364 (1966)).  A court has wide latitude in determining whether failure to
15  comply with an order is a contemptuous offense.  *Gifford v. Heckler*, 741 F.2d 263, 265-66 (9th
16  Cir. 1984).  However, any contempt must be proven by clear and convincing evidence.  *Falstaff*,
17  702 F.2d at 778 n. 1.

## DISCUSSION

19  The court first begins with the request for an order compelling action by Princess and
20  Royal Carribean.  While Fisher cites authority claiming this court can enter orders necessary to
21  ensure compliance with the judgment previously entered, the court is unwilling to conclude that
22  this power extends to requiring third parties who were not parties to the prior proceedings to
23  comply with an order not directed against them.  The court does have the power to order
24  Defendants to assign all proceeds over to Fisher, and may well do so if future proceedings
25  require, but the court will not extend its reach to control the actions of non-party companies
26  potentially affected by the prior judgment.

27  Regarding the contempt request.  The court has reviewed the evidence provided to it and
28  concludes that Fisher has provided sufficient evidence suggesting that Defendants have wilfully

hidden and transferred assets to avoid the court's judgment and that Defendants have wilfully failed to comply with the court's previous order to require further inquiry.  Thus, the court orders Defendants Stango and Winter to appear before the court to show cause why the court should not hold them in contempt and take appropriate steps to ensure compliance.  Fisher should appear ready to provide further documentation of the contemptuous actions if needed.

## CONCLUSION

It is therefore ORDERED that the Plaintiff's Motion for Order to Show Cause Why Defendants Should Not be Held in Contempt (# 123) is GRANTED;

The parties will appear for a hearing on the matter at 9:00 a.m. on April 21, 2006 at the Lloyd D. George Federal District Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101 - courtroom to be determined.

It is further ORDERED that the remaining of Plaintiff's motions (# 124 & 125) are DENIED.

DATED this 6th day of March, 2006.

_____
LARRY R. HICKS
United States District Judge