UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARRY A. FISHER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DANIEL L. STRANGO, an individual;<br>MORGAN DANIELLE CORP., a Nevada<br>Corporation,<br><br>　　　　　Defendants. | 2:99-CV-00377-LRH-PAL<br><br>ORDER |

　　　　Before the court is Judgments, Inc.'s Motion to Seal, or in the Alternative, Redact Court Records (#170[1]). No opposition has been filed.

　　　　Judgments, Inc.'s motion asks that "any and all portions of the record that directly or indirectly refers to Sibley 1998 Trust, or Scott Sibley . . . , be sealed or in the alterative, portions of the record be redacted." (Mot. to Seal (#170) at 3:28-4:2.) The court will deny Judgments, Inc's motion.

　　　　In *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792 (9th Cir. 2007), the Ninth Circuit set forth the burden a party must meet to file under seal a document in connection with a dispositive motion: The party must "overcome a strong presumption of access by showing that compelling

---

[1] Refers to the court's docket

1  reasons supported by specific factual findings . . . outweigh the general history of access and the
2  public policies favoring disclosure. . . . Under the 'compelling reasons' standard, a district court
3  must weigh relevant factors, base its decision on a compelling reason, and articulate the factual
4  basis for its ruling . . . without relying on hypothesis or conjecture." *Id.* at 802 (internal quotation
5  marks and citations omitted).  The Ninth Circuit further elaborated that "'[r]elevant factors' include
6  the public interest in understanding the judicial process and whether disclosure of the material
7  could result in improper use of the material for scandalous or libelous purposes or infringement
8  upon trade secrets." *Id.* at 802 n.9 (internal quotation marks omitted).

9       In support of its current motion, Judgments, Inc. argues that sealing or redacting of the
10 record is justified because "Sibley was repeatedly lambasted by [Barry] Fisher and was not a named
11 party or given an opportunity to be heard.  Fisher's actions violated Sibley's privacy interests and
12 provides sufficient basis for the Court to seal, or in the alternative, redact court records." (Mot. to
13 Seal (#170) at 4:9-13.)  As an initial matter, Judgments, Inc. has not indicated what part of the
14 record contains the offensive references.  The court is not inclined to search through the numerous
15 filings in this case to find the statements Judgments, Inc. is referring to.  Moreover, Judgments, Inc.
16 has made no showing that compelling reasons supported by specific factual findings outweigh the
17 general history of access and the public policies favoring disclosure.  *See Pintos*, 504 F.3d at 802.

18      IT IS THEREFORE ORDERED that Judgments, Inc.'s Motion to Seal, or in the
19 Alternative, Redact Court Records (#170) is DENIED.
20      IT IS SO ORDERED.
21      DATED this 25th day of February, 2009.

                                                                  _____

                                                                  LARRY R. HICKS
                                                                  UNITED STATES DISTRICT JUDGE