UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| BARRY A. FISHER, Receiver,<br><br>                Plaintiff,<br><br>vs.<br><br>DANIEL L. STANGO, an individual;<br>MORGAN DANIELLE CORP., a Nevada corporation,<br><br>                Defendants. | 2:99-cv-00377-LRH-PAL<br><br>ORDER |

       Presently before the court is a "Stipulation and Order to Dismiss Case" (#177[1]) executed by David K. Winter, Esq., attorney for Defendants Daniel L. Stango and Morgan Danielle Corp., and by Stephanie Cooper Herdman, Esq. , attorney for Judgments, Inc.[2]  The stipulation proposes to dismiss this action and asks that the court set aside and vacate the court's Order of Contempt (#144) entered August 17, 2006.

       The Order of Contempt reflected contempt of court violations by attorney Winter and Defendant Stango.  As reflected throughout the twenty-one (21) page order, attorney Winter's and Defendant Stango's conduct before the court consisted of numerous unprofessional and fraudulent representations designed and intended to deceive the court and to hinder, delay, and defraud the plaintiff Receiver in the Receiver's attempts to collect on a $1,464,517.80 judgment that had been entered in this action (#92).

---

       [1]Refers to the court's docket entry number.

       [2]Judgments, Inc. Identifies itself as "Judgment Assignee."

1   The parties have failed to present any legal authority supporting the proposition that an
2   order of contempt can be set aside or vacated by a stipulation.  The contemptuous conduct was
3   committed against the court and only the court has jurisdiction to modify, dismiss or set aside its
4   Contempt Order.  Further, no factual grounds have been presented that would support vacating or
5   modifying in any way the Contempt Order.
6   The court also rejects the stiulation because the plaintiff in this action is Barry A. Fisher,
7   the duly appointed Receiver over PCO, Inc. and Personal Choice Opportunities (collectively
8   "PCO").  Neither Mr. Fisher nor any representative of PCO is a party to the stipulation.  Instead,
9   the attorney for Judgments, Inc. executed the stipulation.  Judgments, Inc.'s relationship to this
10  action and the basis for its authority to enter into this stipulation is not clear to the court.  On
11  August 7, 2008, a nonparty in this action, the Sibley 1998 Trust, filed a Notice of Assignment of
12  All Rights and Interest (#162), with an attached document, which purported to assign all rights
13  and interests of PCO , in the judgment in this action and the court's Order of Civil Contempt to
14  Judgments, Inc., a nonparty to this action.  The assignment was signed by an individual identified
15  as David Pasternak, who purported to be the Receiver for PCO.
16  Neither the Sibley 1998 Trust, David Pasternak, or Judgments, Inc. are or have ever been
17  a plaintiff or a party in this action.  The only plaintiff in this action is and remains, Barry A.
18  Fisher, who is the duly appointed Receiver over PCO.  Only Fisher, or his duly appointed
19  Successor Trustee, is qualified to assign Plaintiff's interests herein.  The court has not approved
20  the substitution or appearance of the Sibley 1998 Trust, David Pasternak, or Judgments, Inc. as
21  parties in the action, and no showing has been made to the court that a substitution or appearance
22  is now warranted.
23  It therefore appears that the Notice of Assignment of All Rights and Interest (#162) and
24  Stipulation and Order to Dismiss Case (#177)  are meaningless and are fugitive documents in this
25  file.  However, they shall remain in the file in the event that there ever should be a qualified
26  showing that would entitle any of the identified entities or persons to appear in this action.
27  ///
28  ///

Good cause appearing, the "Stipulation and Order to Dismiss Case" (#177) is rejected, the Order of Contempt (#144) is reaffirmed and it and all other pleadings in this action will continue as a matter of public record.

IT IS SO ORDERED.

DATED this 22nd day of May, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE